1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7   KENDYL WELCH,
                                      Case No.  15-cv-0725-TEH
            Plaintiff,
8
        v.                            ORDER OF DISMISSAL WITH LEAVE
9                                     TO AMEND
    MOLLY O'NEAL,
10
            Defendant.
11

12

13       Plaintiff, a civil detainee, proceeds with a civil rights

14   action under 42 U.S.C. § 1983.  He is civilly committed pursuant

15   to California's Sexually Violent Predators Act (SVPA).  See Cal.

16   Welf. & Inst. Code 6600, et seq.  Plaintiff is committed in

17   Coalinga, CA which is located in the Eastern District of

18   California.  The underlying commitment proceeding appears to have

19   originated in Santa Clara County, which is in this district.[1]

20   Plaintiff's original complaint was dismissed with to leave amend

21   and he has filed a first amended complaint that is more than 800

22   pages.

23       Plaintiff states that he was subject to faulty mental health

24   assessments that were used as evidence to determine that he

25   should be subject to civil commitment.  He alleges that the

26

27   _____
     [1] Plaintiff filed a previous case where he stated that the
28   commitment proceeding originated in San Francisco County.  Welch
     v. Allenby, No C-14-5223 TEH (PR).

United States District Court
Northern District of California

1   California Department of State Hospitals conducted the

2   assessments.  The sole defendant in this case is the supervising

3   deputy of the Santa Clara County Public Defender's Office, who

4   Plaintiff alleges supervised the assigned deputy public defender.

5   Plaintiff states that Defendant should have been aware that

6   Plaintiff's assigned public defender was providing ineffective

7   assistance of counsel which resulted in Plaintiff receiving the

8   faulty mental health assessments.

9       Plaintiff alleges that the faulty health assessments prevent

10  outpatient treatment in violation of his Constitutional rights.

11  For relief, Plaintiff seeks protection from future faulty mental

12  health assessments.

13                              I

14      Federal courts must engage in a preliminary screening of

15  cases in which prisoners seek redress from a governmental entity

16  or officer or employee of a governmental entity.  28 U.S.C. §

17  1915A(a).  The court must identify cognizable claims or dismiss

18  the complaint, or any portion of the complaint, if the complaint

19  "is frivolous, malicious, or fails to state a claim upon which

20  relief may be granted," or "seeks monetary relief from a

21  defendant who is immune from such relief."  Id. § 1915A(b).

22  Pleadings filed by pro se litigants, however, must be liberally

23  construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

24  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

25  1990).

26      To state a claim under 42 U.S.C. § 1983, a plaintiff must

27  allege two essential elements:  (1) that a right secured by the

28  Constitution or laws of the United States was violated, and (2)

United States District Court
Northern District of California

1    that the alleged violation was committed by a person acting under

2    the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

3                                    II

4         Plaintiff was informed in the prior screening order that to

5    the extent that he sought relief regarding his treatment, his §

6    1983 action must be brought in the Eastern District of

7    California, where plaintiff is civilly committed at Coalinga

8    State Hospital.  See 28 U.S.C. §§ 84(b), 1391(b).  The Court

9    noted that Plaintiff's previous case, Welch v. Allenby, No C-14-

10   5223 TEH (PR), also challenged the validity of the health

11   assessments and named as Defendants officials at the California

12   Department of State Hospitals and Coalinga State Hospital.  That

13   case was transferred to the Eastern District of California.  To

14   the extent Plaintiff sought to again challenge the health

15   assessments this case would be dismissed as duplicative.

16        Plaintiff was also informed in the prior order that to the

17   extent Plaintiff sought to challenge his underlying commitment or

18   sought relief that would entitle him to immediate or earlier

19   release from his civil commitment, he must file a petition for a

20   writ of habeas corpus under 28 U.S.C. § 2254 after exhausting

21   state judicial remedies.  See Skinner v. Switzer, 131 S. Ct.

22   1289, 1293 (2011); see also Nelson v. Sandritter, 351 F.2d 284,

23   285 (9th Cir. 1965) (constitutionality of state civil commitment

24   proceedings may be challenged in federal habeas corpus after

25   state judicial remedies have been exhausted).

26        To the extent Plaintiff sought injunctive relief against

27   Defendant Molly O'Neal, the county public defender; his complaint

28   was dismissed with leave to amend.  Plaintiff presented general

                                     3

1   allegations that Defendant should have known that the health

2   assessments were faulty and irrational, but provided no specific

3   details.  Plaintiff was also informed that he needed to clarify

4   the relief that he sought.  He sought relief from future

5   assessments but did not discuss the circumstances that would lead

6   to another assessment.  It was not clear if Plaintiff has already

7   been committed, was still awaiting the final commitment hearing,

8   or if he has been committed indefinitely.

9        In this amended complaint, Plaintiff emphasizes that he is

10  not seeking speedier relief from confinement.  He states that he

11  seeks better individualized treatment and for better assessments

12  to be used to determine his treatment.  Motion to Amend at 1.  To

13  the extent that Plaintiff is again challenging the treatment by

14  the Department of State Hospitals he has already brought that

15  action in his previous case and that claim is dismissed from this

16  action.

17       Plaintiff states that public defender's office failed to

18  adequately train attorneys and did not properly investigate

19  Department of State Hospital staff members.  His main argument is

20  that the public defender's office did not successfully

21  demonstrate that the assessments were inadequate, that were used

22  to detain him and others similarly situated detainees.  Plaintiff

23  seeks to present this claim pursuant to Miranda v. Clark County,

24  Nevada, 319 F.3d 465, 468-70 (9th Cir. 2003) (head of a county

25  public defender's office, as the administrative head of an

26  organization formed to represent criminal defendants, may be held

27  accountable under § 1983 for a policy that leads to a denial of

28  an individual's right to effective representation of counsel).

1    In <u>Miranda</u>, the plaintiff complained of a policy of administering

2    lie detector test to all defendants and allocating minimal

3    resources for preparation of defense to those clients who appear

4    guilty because they failed the polygraph, and of a policy to

5    assign the least-experienced lawyers on staff to capital cases

6    without training or experience in the special demands of such

7    cases.  <u>Id</u>.

8        In his amended complaint, Plaintiff has again failed to

9    specifically describe how the public defender's policy led to a

10   violation of his rights.  Plaintiff's central argument is with

11   the Department of State Hospitals regarding the assessment

12   procedures and he has already filed that case.  He appears to

13   argue that the public defender's office is not properly

14   challenging these assessments.  However, Plaintiff provides no

15   specific arguments on how the office or how they handle cases is

16   inadequate.  His conclusory statements that the public defender's

17   office needs to set forth policies to ensure Constitutional

18   rights are protected are insufficient to state a claim.  "A claim

19   has facial plausibility when the plaintiff pleads factual content

20   that allows the court to draw the reasonable inference that the

21   defendant is liable for the misconduct alleged."  <u>Ashcroft v.</u>

22   <u>Iqbal</u>, 556 U.S. 662, 678 (2009).  The amended complaint is

23   dismissed with leave to amend to address these deficiencies and

24   describe how the specific policies are inadequate or specifically

25   how the training is improper.

26       Plaintiff's amended complaint was more than 800 pages.

27   Federal Rule of Civil Procedure 8(a)(2) requires only "a short

28   and plain statement of the claim showing that the pleader is

United States District Court
Northern District of California

5

1  entitled to relief."  While the Court has instructed Plaintiff to

2  provide additional details the second amended complaint may be no

3  longer than 35 pages.

4                                    III

5      For the foregoing reasons, the Court hereby orders as

6  follows:

7      1. Plaintiff's Amended Complaint is DISMISSED WITH LEAVE TO

8  FILE A SECOND AMENDED COMPLAINT containing all related claims

9  against all Defendants that Plaintiff wishes to proceed against

10  in this action.  The pleading must be simple, concise and direct

11  and must state clearly and succinctly how each and every

12  Defendant is alleged to have violated Plaintiff's federally-

13  protected rights.  See Leer, 844 F.2d at 634.  THE SECOND AMENDED

14  COMPLAINT MAY BE NO MORE THAN 35 PAGES.  The pleading must

15  include the caption and civil case number used in this order and

16  the words COURT ORDERED SECOND AMENDED COMPLAINT on the first

17  page.  Plaintiff is advised that he must file all of his claims

18  in one complaint and not present them piecemeal to the Court in

19  various letters and other documents.  Failure to file a proper

20  First Amended Complaint within twenty-eight days of this order

21  will result in the dismissal of this action without prejudice.

22      2. Plaintiff is advised that the Second Amended Complaint

23  will supersede the Amended Complaint and all other pleadings.

24  Claims and defendants not included in the Second Amended

25  Complaint will not be considered by the Court.  See Lacey v.

26  Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For

27  claims dismissed with prejudice and without leave to amend, we

28  will not require that they be repled in a subsequent amended

United States District Court
Northern District of California

6

1  complaint to preserve them for appeal. But for any claims

2  voluntarily dismissed, we will consider those claims to be waived

3  if not repled.").

4       3. It is Plaintiff's responsibility to prosecute this

5  action.  Plaintiff must keep the Court informed of any change of

6  address by filing a separate paper with the Clerk headed "Notice

7  of Change of Address," and must comply with the Court's orders in

8  a timely fashion.  Failure to do so may result in the dismissal

9  of this action for failure to prosecute pursuant to Federal Rule

10 of Civil Procedure 41(b).

11      IT IS SO ORDERED.

12 Dated: 06/25/2015

13 _____

14 THELTON E. HENDERSON
   United States District Judge

15

16 G:\PRO-SE\TEH\CR.15\Welch0725.dwlta2.docx

*United States District Court*
*Northern District of California*

17

18

19

20

21

22

23

24

25

26

27

28