UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENDYL WELCH,

    Plaintiff,

  v.

MOLLY O'NEAL,

    Defendant.

Case No.  15-cv-0725-TEH

ORDER OF DISMISSAL

    Plaintiff, a civil detainee, proceeds with a civil rights action under 42 U.S.C. § 1983.  He is civilly committed pursuant to California's Sexually Violent Predators Act (SVPA).  See Cal. Welf. & Inst. Code 6600, et seq.  Plaintiff is committed in Coalinga, CA which is located in the Eastern District of California.  The underlying commitment proceeding appears to have originated in Santa Clara County, which is in this district.[1]  Plaintiff's first amended complaint was dismissed with to leave amend and he has filed a second amended complaint.

    Plaintiff states that he was subject to faulty mental health assessments that were used as evidence to determine that he should be subject to civil commitment.  He alleges that the California Department of State Hospitals conducted the

---

[1] Plaintiff filed a previous case where he stated that the commitment proceeding originated in San Francisco County.  Welch v. Allenby, No C-14-5223 TEH (PR).

assessments. The sole defendant in this case is the supervising deputy of the Santa Clara County Public Defender's Office, who Plaintiff alleges supervised the assigned deputy public defender. Plaintiff states that Defendant should have been aware that Plaintiff's assigned public defender was providing ineffective assistance of counsel which resulted in Plaintiff receiving the faulty mental health assessments.

Plaintiff alleges that the faulty health assessments prevent outpatient treatment in violation of his Constitutional rights. For relief, Plaintiff seeks protection from future ineffective assistance of counsel with respect to the faulty mental health assessments.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

2

that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II

Plaintiff was informed in the prior screening orders that to the extent that he sought relief regarding his treatment, his § 1983 action must be brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State Hospital. See 28 U.S.C. §§ 84(b), 1391(b). The Court noted that Plaintiff's previous case, Welch v. Allenby, No C-14-5223 TEH (PR), also challenged the validity of the health assessments and named as Defendants officials at the California Department of State Hospitals and Coalinga State Hospital. That case was transferred to the Eastern District of California. To the extent Plaintiff sought to again challenge the health assessments that claim was dismissed as duplicative.

Plaintiff was also informed that to the extent he sought to challenge his underlying commitment or sought relief that would entitle him to immediate or earlier release from his civil commitment, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011); see also Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus after state judicial remedies have been exhausted).

To the extent Plaintiff sought injunctive relief against Defendant Molly O'Neal, the county public defender; his complaints were dismissed with leave to amend. Plaintiff had

3

repeatedly presented general allegations that Defendant should have known that the health assessments were faulty and irrational, but he has provided no specific details.  Plaintiff was also informed that he needed to clarify the relief that he sought.  He sought relief from future assessments but did not discuss the circumstances that would lead to another assessment.  It was not clear if Plaintiff has already been committed, was still awaiting the final commitment hearing, or if he has been committed indefinitely.

In this second amended complaint, Plaintiff has again failed to cure the deficiencies identified by the Court.  Plaintiff states that public defender's office failed to adequately train attorneys and did not properly investigate Department of State Hospital staff members.  His main argument is that the public defender's office did not successfully demonstrate that the assessments were inadequate that were used to detain him and others similarly situated detainees.  Plaintiff seeks to present this claim pursuant to <u>Miranda v. Clark County, Nevada</u>, 319 F.3d 465, 468-70 (9th Cir. 2003) (head of a county public defender's office, as the administrative head of an organization formed to represent criminal defendants, may be held accountable under § 1983 for a policy that leads to a denial of an individual's right to effective representation of counsel).  In <u>Miranda</u>, the plaintiff complained of a policy of administering lie detector test to all defendants and allocating minimal resources for preparation of defense to those clients who appear guilty because they failed the polygraph, and of a policy to assign the least-experienced lawyers on staff to capital cases without training or

experience in the special demands of such cases.  <u>Id</u>.

In the second amended complaint, Plaintiff has again failed to specifically describe how the public defender's policy led to a violation of his rights.  Plaintiff's central argument is with the Department of State Hospitals regarding the assessment procedures and he has already filed that case.  He appears to argue that the public defender's office is not properly challenging these assessments.  However, Plaintiff again provides no specific arguments on how the office or how they handle cases is inadequate.  His conclusory statements that the public defender's office needs to better train its staff are insufficient to state a claim.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Despite being provided several opportunities, Plaintiff has failed to describe the specific deficiencies with the public defender's office that he seeks to address.  His conclusory allegations that more training is required to challenge the faulty assessments are insufficient.  In <u>Miranda</u>, the plaintiff complained of a specific policy of administering lie detector tests, yet Plaintiff in this case just presents conclusory statements and general allegations.  This action is dismissed for failure to state a claim.  Because Plaintiff has already been provided several opportunities to amend and as he has failed to cure the deficiencies identified by the Court, it would be futile to provide further leave to amend and this action is dismissed with prejudice.

5

## III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's second amended complaint is DISMISSED with prejudice for failure to state a claim.

2. The Clerk shall close this case.

IT IS SO ORDERED.

Dated: 07/27/2015

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.15\Welch0725.dis.docx